## UNITED STATES, for Use of JOHNSON, v. MORLEY CONST. CO. et al.

### No. 1444–A.

District Court, W. D. New York.

Dec. 3, 1935.

See, also, (D.C.) 11 F.Supp. 841; (D.C.) 12 F.Supp. 1017.

Bucholz & O'Donnell, of Kansas City, Mo., and Dudley, Stowe & Sawyer, of Buffalo, N. Y. (Roy P. Ohlin, of Buffalo, N. Y., of counsel), for defendant Morley Const. Co.

Gibbons, Pottle & Pottle, of Buffalo, N. Y., for defendant Maryland Casualty Co.

KNIGHT, District Judge.

Defendant Morley Construction Company moves to dismiss a so-called "Pleading" of the defendant Maryland Casualty Company, on the ground that the court has no jurisdiction to render a judgment in favor of a surety company against a general contractor, and further that a surety may not compete with its creditors for the assets of its principal. This action is brought under the provisions of the Heard Act (title 40 U.S.C.A. § 270). The plaintiff Johnson sues on a bond given by Maryland Casualty Company on behalf of the Morley Construction Company, general contractor of the Veterans' Hospital at Batavia, New York. Numerous parties have intervened pursuant to the statute. The defendants appeared and answered. On April 8, 1935, defendant Maryland Casualty Company also filed a

paper nominated a "Pleading." Such "Pleading" purports to set out a cause of action in favor of the defendant Maryland Casualty Company against the defendant Morley Construction Company. No summons accompanied the "Pleading," nor has any been served. The Morley Construction Company is a foreign corporation. The defendant Morley Construction Company has appeared specially only for the purpose of raising the questions hereinbefore mentioned. The Maryland Casualty Company asserts its right to recover in this action against the Morley Construction Company all losses and damages sustained by it on account of the execution of the bond aforesaid. It is urged that the Heard Act, when considered in connection with sections 96-a and 193 of the Civil Practice Act of the State of New York, authorizes determination in this suit of the rights of the surety as against its principal. As I have heretofore held in an opinion on a motion in this case, under date of April 29, 1935, the Federal Conformity Act, 28 U.S.C.A. § 724, has no application to a suit under the so-called Heard Law. Accordingly, the aforementioned provisions of the Civil Practice Act do not apply. The Heard Act is specifically limited to the determination of the rights of materialmen and laborers in a sum recovered on the bond of the contractor. I see nothing in Illinois Surety Co. v. U. S. to Use of Peeler, 240 U.S. 214, 36 S.Ct. 321, 60 L.Ed. 609, cited by defendant Maryland Casualty Company, in conflict with this view. An entirely different question was presented in that case. The proceeding herein is in the nature of one in rem. The questions at issue are the rights to a specific fund. Re-enforcing this construction of section 270, title 40 U.S.C.A. we find section 15, title 6 U.S.C. (6 U.S.C.A. § 15), which provides that, "wherever by the laws of the United States * * * any person is required to furnish any * * * bond * * * with surety or sureties, such person may, in lieu of such surety or sureties, deposit * * * bonds * * * or notes of the United States." The claimants, on the establishment of their claims, have the right to look both to the principal and the surety. In the event of a recovery by the claimants and a recovery by the surety against its principal, claimants and surety would be competitors for the assets of the principal. This is not permissible. American Surety Co. v. Westinghouse Electric Mfg. Co., 296 U.S. 133, 56 S.Ct. 9, 80 L.Ed. 105.

For the reasons heretofore assigned, the motion to dismiss the "Pleading" and strike it from the files of the clerk should be granted.